**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREMON TAPP** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **THOMAS ALLEN TANSIL, ANCHOR TOURS, INC. AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | **MAGISTRATE** |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Anchor Tours, Inc. (hereinafter, "Defendant"), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court.

I.

On or about March 31, 2025, Plaintiff, Tremon Tapp, filed a personal injury lawsuit against Thomas Allen Tansil, Anchor Tours, Inc. and Allstate Property and Casualty Insurance Company in Civil District Court for the Parish of Orleans, Docket Number 2025-03148, Division E, Section 7, entitled, "*Tremon Tapp versus Thomas Allen Tansil, Anchor Tours, Inc. and Allstate Property and Casualty Insurance Company*," (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an alleged automobile accident, which occurred on or about July 8, 2024 in Orleans Parish, Louisiana.

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co*., 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Tremon Tapp, alleges that he suffered severe and debilitating injuires in this accident and is seeking damages including past, present and future: mental and physical pain and suffering, medical expenses, mental anguish and emotional distress, permanent damage and disability, loss of enjoyment of life, loss of income, and loss of wages (See Exhibit A, at ¶ 8).

V.

Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000, exclusive of interest and costs as required by La. C.C.P. art. 893, nor has Plaintiff averred or offered a binding stipulation that he affirmatively renounces the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On or about January 9, 2026, Plaintiff provided responses to written discovery requests propounded by Allstate Property and Casualty Insurance Company and produced documents to Defendant for the first time (*See* Exhibit B, Plaintiff's discovery responses).

VII.

In the document production received on or about January 9, 2026, Defendant received records indicating that Plaintiff appeared for approximately 31 sessions at Uptown Premier Medical Rehab for neck, mid back and low back pain from July 12, 2024 to February 19, 2025 (*See* Exhibit C). Further, Plaintiff underwent a lumbar spine MRI, which showed disc herniation at L3-4, L4-5 and L5-S1 according to radiologist, Dr. Lorenzo Farolan (See Exhibit D).

VIII.

The records further demonstrate that Plaintiff later treated with Aust Interventional Pain and underwent left sided facet injections at C2-4 on May 6; 2025; and bilateral lumbar medial branch blocks at L4 and L5 twice on September 30, 2025 and November 11, 2025, respectively (See Exhibit E).

IX.

Spine injuries vary by severity, though they often exceed $75,000.00 See, e.g. S*mith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) (automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000 general damage award); *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1 Cir. 9/23/97) (disc herniation, persistent pain, surgery unlikely, $125,000 award); *Hoyt v. Gray Insurance Company*, 809 So.2d 1076 (La. App. 4 Cir. 2002) (mild lumbar disc herniation, thoracic spine soft tissue injury, $150,000 general damage award).

X.

Defendant has conclusively established that the total amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interests and legal costs.

**B. COMPLETE DIVERSITY EXISTS**

XI.

Defendant, Thomas Allen Tansil, has since passed away from unrelated causes following the subject accident. At the time of the accident, he was a person of the full age of majority and domiciled in the State of Tennessee, and therefore was a citizen of the State of Tennessee for purposes of diversity.

XII.

Defendant, Anchor Tours, Inc., is a foreign corporation incorporated in the State of Tennessee with its principal place of business in the State of Tennessee. Therefore, Anchor Tours, Inc. is a citizen of the State of Tennessee for purposes of diversity.

XIII.

Defendant, Allstate Property and Casualty Insurance Company, is a foreign insurer incorporated in the State of Delaware with its principal place of business in the State of Illinois. Therefore, Allstate Property and Casualty Insurance Company is a citizen of the States of Illinois and Delaware for purposes of diversity.

XIV.

Based on the information in the introductory paragraph of the Petition for Damages, Plaintiff, Tremon Tapp, is a person of the full age of majority and is domiciled in the Parish of Orleans, State of Louisiana, and therefore he is a citizen of the State of Louisiana for purposes of diversity.

XV.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XVI.

The Notice of Removal was properly filed within thirty (30) days of Defendant's receipt of a paper from which they could first ascertain that the case is removable, namely the January 9, 2026 discovery responses and document production by Plaintiff. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

XVII.

Following the subject accident, Thomas Allen Tansil passed away from unrelated causes. Both Anchor Tours, Inc. and Allstate Property and Casualty Insurance Company have been served and made appearances in the state court matter.

XVIII.

Counsel for Allstate Property and Casualty Insurance Company has consented to the removal of this case.

XIX.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein a plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

XX.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana.

XXI.

No previous application has been made for the relief requested herein.

XXII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXIII.

Defendant is entitled to and requests a trial by jury on all issues herein.

**WHEREFORE**, Defendant, Anchor Tours, Inc., prays that the action entitled, "*Tremon Tapp versus Thomas Allen Tansil, Anchor Tours, Inc. and Allstate Property and Casualty Insurance Company*," Docket Number 2025-03148, Division E, Section 7, and pending in Civil District Court for the Parish of Orleans, State of Louisiana, be removed from the state court docket to the United State District Court for the Eastern District of Louisiana.

***PERRIER & LACOSTE, LLC***

*s/ Patrick R. Schmidt*

______________________________

**GUY D. PERRIER, #20323**
**PATRICK R. SCHMIDT, #37861**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 535-2588
Fax: (504) 212-8825
gperrier@perrierlacoste.com
pschmidt@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 29th day of January, 2026 at their last known address of record.

*s/ Patrick R. Schmidt*
**PATRICK R. SCHMIDT**